McKinney, J.,
delivered the opinion of the Court.
Bond presented his ex-farte petition to the County Court of Haywood, to be discharged from his purchase of certain lands, sold under a decree of said Court for the purpose of partition, on the alleged ground of defect of title, by reason of the irregularity of the proceedings and decree of the Court.
*380 The sale took place in March; and at the April session, 1858, of said Court, the sale was confirmed, and the title to the lands divested out of Clay’s heirs and vested in Bond, the purchaser.
This petition was filed in March, 1859, nearly twelve months after confirmation of the sale.
The Court properly dismissed the petition. The case falls within the principle laid down in Young v. Shumate, 3 Sneed, 369, and other cases, that, after confirmation of the sale, the Court had no jurisdiction to administer the relief sought by the petition.
The assumption that, by the provisions of sections 4204, 4205 of the Code, a new and enlarged jurisdiction, in this respect, was intended to be conferred upon the County Courts, is, we think, altogether unfounded.
These sections, in our opinion, are merely declaratory of the law as it previously existed in regard to the jurisdiction of the County Court upon the subject, without vesting in that tribunal any new or more extended power or authority. If, in respect to a matter of such vital importance to the community, it had been intended to clothe that tribunal with an enlarged equity jurisdiction, we are bound to suppose that such intention would have been explicitly declared. For obvious reasons the jurisdiction is not to be extended upon doubtful implications.
Decree affirmed.'